### MACK v. AUSTIN.

(City Court of New York, General Term. January 3, 1899.)

ADVERSE WITNESSES—CONTRADICTION.

    A party may call his opponent as a witness, and afterwards contradict him, in order to give material evidence on an issue.

Appeal from special term.

Action by Hugo S. Mack against William P. Austin on a note. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FITZSIMONS, C. J., and O'DWYER, J.

Thomas O'Callaghan, Jr., for appellant.
E. Walter Beebe, for respondent.

O'DWYER, J. The note in suit was made payable to the plaintiff as attorney. He received it in settlement of a claim against this defendant owned by Messrs. Dowling & Worms, and held it for their account. His fees for his services in that particular case, amounting to 50 per cent., he had already received in cash. Under the denials and separate defense set forth in the answer, the defendant sought to prove that he was not in debt to the plaintiff upon the note, and that he had discharged his liabilities to the plaintiff's clients, Messrs. Dowling & Worms. For this purpose he called the plaintiff (an adverse witness) as his witness, and upon the conclusion of his examination endeavored to contradict him by the testimony of the witnesses Dowling and Austin. This the learned trial justice refused him permission to do, upon the ground that the defendant could not contradict his own witness. The defendant should have been allowed to make such proof, upon the ground that the witness Mack was an adverse witness, and defendant had the right to contradict him, in order to give material evidence upon an issue in the case. Becker v. Koch, 104 N. Y. 395, 10 N. E. 701. Peckham, J., in this

case, at page 401, 104 N. Y., and page 703, 10 N. E., after describing a person as an adverse witness, says:

"With regard to such witnesses it is well settled that all the rules applicable to the examination of other witnesses do not, in their strictness, apply. An adverse witness may be cross-examined, and the leading questions may be put to him by the party calling him, for the very sensible and sufficient reason that he is adverse."

Again, at page 403, 104 N. Y., and page 704, 10 N. E., the learned judge says:

"But all the cases concur in the right of a party to contradict his own witness by calling witnesses to prove a fact (material to the issue) to be otherwise than sworn to by him, even when the necessary effect is to impeach him."

It follows that the judgment appealed from should be reversed, and a new trial granted, with costs to appellant to abide the event.

FITZSIMONS, C. J., concurs.